IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION



FILED
SEP 2 6 2017
Clerk, U.S. District Court
District Of Montana
Billings

| | |
|---|---|
| SIMON POSEN,<br><br>Plaintiff,<br><br>vs.<br><br>J. MICHAEL OZIER and TOLLIVER LAW FIRM, P.C.,<br><br>Defendants. | CV 17-07-BLG-SPW<br><br>ORDER |

## I. Introduction

Defendants J. Michael Ozier and Tolliver Law Firm, P.C., have moved to dismiss Simon Posen's Complaint under Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim upon which relief can be granted. (Doc. 6).[1] On August 8, 2017, Magistrate Judge Timothy Cavan issued his Findings and Recommendations recommending that this Court grant Defendants' motion to dismiss. (Doc. 18).

---

[1] The Court notes that Posen filed an Amended Complaint (Doc. 10) shortly after Defendants' filed their motion. Defendants filed an amended brief (Doc. 15) in support of their motion thereafter so the parties' arguments were made within the context of the Amended Complaint.

1

When a party timely objects to any portion of the magistrate judge's Findings and Recommendations, the district court must conduct a de novo review of the portions of the Findings and Recommendations to which objections are made. 28 U.S.C. § 636(b)(1)(C); *McDonnell Douglas Corp. v. Commodore Business Machines*, 656 F.2d 1309, 1313 (9th Cir. 1981). The district court may then "accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate with instructions." 28 U.S.C. § 636(b)(1). The district court is not required to review the factual and legal conclusions of the magistrate judge to which the parties do not object. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).

Posen filed timely objections to Judge Cavan's Findings and Recommendations. (Docs. 19). After independently reviewing and considering Posen's objections and Defendants' response, this Court adopts Judge Cavan's findings and recommendations, as set forth below.

## II. Relevant Background

Posen does not object to the factual history contained in the Background section of Judge Cavan's Findings and Recommendations, nor the fact that Judge Cavan took judicial notice of his bankruptcy proceedings in the United States Bankruptcy Court for the Southern District of New York, Case No. 15-12859-

2

MEW-5. Judge Cavan's Background section is therefore adopted in full and this Court also takes judicial notice of Posen's New York bankruptcy proceedings.

## III. Applicable Law

### A. Legal Standard

A defendant may move under F.R.Civ.P 12(b)(6) to dismiss an action for failure to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations omitted). This plausibility inquiry is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

For purposes of ruling on a Rule 12(b)(6) motion, a court must "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). A court is not required to "assume the truth of legal conclusions merely because they are cast in the form of factual allegations," however. *Fayer v. Vaughn*, 649 F.3d 1061, 1064 (9th Cir. 2011). A

3

court may also reject factual allegations contradicted by judicially noticed material. *See Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000)(citation omitted). Finally, "'a plaintiff may plead [him]self out of court' " if he "plead[s] facts which establish that he cannot prevail on his ... claim." *Weisbuch v. Cnty. of L.A.*, 119 F.3d 778, 783 n.1 (9th Cir. 1997) (quoting *Warzon v. Drew*, 60 F.3d 1234, 1239 (7th Cir. 1995)).

## IV. Discussion

Posen objects to Judge Cavan's determination that he is judicially estopped from pursing his legal malpractice claim against Defendants. Specifically, Posen argues that Judge Cavan first applied the wrong standard of review and then failed to properly apply controlling law on judicial estoppel. (Doc. 19 at 1-2). The Court addresses these objections in order.

### A. Judge Cavan appropriately applied the standard of review.

Posen first argues that Judge Cavan failed to construe as true Paragraphs 43-45 in the Amended Complaint as he was required to do under the motion to dismiss standard. (Doc. 19 at 4). Defendants argue that Judge Cavan properly rejected the allegations in paragraphs 43-45 because they were contradicted by judicially noticed facts or false as a matter of law. (Doc. 20 at 22-23).

In Paragraph 43, 44 and 45 in his Amended Complaint, Posen alleges that failing to include his claim against Defendants in his bankruptcy schedules had no

effect on the bankruptcy settlement, he had sufficient assets to pay all the creditors in full so the settlement was not premised on his assets or wherewithal to pay, neither the Simonsen trustee nor the Bankruptcy Court relied on his bankruptcy schedules, and his assets exceeded his liabilities at the time the bankruptcy case was dismissed, so inclusion of his claim against defendants would have had no impact on his creditors if it had not been dismissed. (Doc. 10 at 16). As Defendants point out, these allegations are false or are legal conclusions.

In direct contrast to his allegations in Paragraph 43, Posen's Bankruptcy Schedules and Statements Summary show that Posen's liabilities exceeded his assets at the time of the bankruptcy. (Doc. 7-2, Ex. B). Similarly, Posen's Operating Reports demonstrate that his asset to liability ratio only became positive *after* the bankruptcy settlement was approved and after he filed his motion to dismiss the bankruptcy proceeding, directly refuting his allegations in Paragraph 45. (Doc. 7-1, Ex. A at 19-20; Doc. 14-1, Ex. H; Doc. 14-2, Ex. I). Because the allegations in Paragraphs 43 and 45 were contradicted by the bankruptcy filings, Judge Cavan appropriately rejected them. *Shwarz*, 234 F.3d at 435.

In Paragraph 44, Posen concludes that the Simonsen trustee and Bankruptcy Court did not rely on his asset schedules because the Bankruptcy Court never issued an order adopting or accepting the schedules. (Doc. 10 at 16). This is not a factual allegation, however. It is a legal conclusion; and an incorrect legal

5

conclusion under the law. *See Hamilton v. State Farm Fire & Cas. Co*, 270 F.3d 778, 785 (9th Cir. 2000) (finding that the bankruptcy court relies on the schedules to "determine what action, if any, [to] take in the matter."). There is no requirement that the Bankruptcy Court issue an order formally adopting the asset schedules in order for the Bankruptcy Court to rely on them. The Bankruptcy Court's reliance on the schedules is inferred by the requirement that a debtor's duty to disclose assets continues for the entirety of the bankruptcy proceedings, as well as the Court's duty to apprise itself of acts. *Id.*; *Reynolds v. C.I.R.*, 861 F.2d 469 (6th Cir. 1988). Because the allegation in Paragraph 44 was a legal conclusion cast as a factual allegation, Judge Cavan appropriately ignored it. *Fayer*, 649 F.3d at 1064.

Posen next alleges that Judge Cavan failed to apply the proper standard because he did not distinguish between conclusions that might be drawn from the facts alleged and conclusions that must be drawn from the facts as alleged. (Doc. 19 at 6). This Court disagrees. As noted by Defendants, and discussed below, Posen failed to plead factual content that allowed Judge Cavan to draw the reasonable inference that Defendants are liable for the content alleged in Posen's Complaint. In other words, Posen's Complaint fails the plausibility test so it was unnecessary for Judge Cavan to distinguish between conclusions that might be drawn versus conclusions that must be drawn from the facts alleged.

## B. Judge Cavan appropriately concluded that judicial estoppel precludes Posen's claim.

Posen's next objection is that Judge Cavan erred in finding that all of the elements necessary for judicial estoppel exist to preclude his claim. (Doc. 19 at 6).

Judicial estopped precludes a party from gaining an advantage by asserting one position, and then later seeking an advantage by taking a clearly inconsistent position. *Hamilton v. States Farm Fire & Cas. Co.*, 270 F.3d 778, 782 (9th Cir. 2001). The court must look to three factors to determine whether judicial estoppel is warranted in the bankruptcy context: (1) a party takes clearly inconsistent positions by failing to disclose a legal claim in bankruptcy and then subsequently brings suit on the undisclosed claim; (2) there was judicial acceptance or reliance on the party's prior position; and (3) the party receives an unfair advantage by failing to disclose the claim. *Id.* at 783-85. The Court analyzes these factors in order.

### A. Clearly Inconsistent Positions

Posen admits that he did not schedule his malpractice claim on his bankruptcy schedule and thus concedes the first factor. (*See* Doc. 19 at 7).

### B. Judicial acceptance or reliance

As Defendants point out, the Ninth Circuit restricts judicial estoppel "to cases where the court relied on, or 'accepted' the party's previous inconsistent position." (Doc. 18 at 17, quoting *Hamilton*, 270 F.3d at 783). Posen argues that

Judge Cavan erred in determining that the Bankruptcy Court accepted or relied on his position because his case was dismissed without a discharge or plan confirmation. (Doc. 18 at 18). Posen's argument ignores the fact that a bankruptcy court does not have to permanently discharge debts or confirm a plan in order to satisfy this factor, however. *See Hamilton*, 270 F.3d at 784 ("The bankruptcy court may 'accept' the debtor's assertions by relying on the debtor's nondisclosure of potential claims in many other ways.").

This Court agrees with Judge Cavan's determination that the Bankruptcy Court's approval of the settlement constitutes judicial acceptance. Considering that by law, the Bankruptcy Court is obligated to apprise itself of the facts, make an independent determination of fairness, and protect the interest of all creditors when approving payment from the bankruptcy estate on the basis of a party's assertion, courts have routinely found this conclusion reasonable. *See Risetto v. Plumbers and Steamfitters Local 343*, 94 F.3d 597, 605 (9th Cir. 1996) (noting that obtaining a favorable settlement is equivalent to winning a judgment for purposes of applying judicial estoppel); *Hamilton*, 270 F.3d at 785 (because the bankruptcy court and the creditors rely on the schedules to determine what action to take in the matter, the failure to list a claim in a bankruptcy schedule is an act of deception); *see also Reynolds v. C.I.R.*, 861 F.2d 469 (6th Cir. 1988) (judicial acceptance of

the bankruptcy schedules occurs because the court has to apprise itself of the facts and determine that the settlement is fair and reasonable).

Moreover, it is undisputed that Posen had sufficient facts to know a potential cause of action against Defendants existed, but nevertheless failed to amend his schedules. This inaction alone is sufficient to trigger judicial estoppel. *Hamilton*, 270 F.3d at 784 ("Judicial estoppel will be imposed when the debtor has knowledge of enough facts to know that a potential cause of action exists during the pendency of the bankruptcy, but fails to amend his schedules or disclosure statements to identify the cause of action as a contingent asset."). Posen provides no legal authority providing otherwise.

Posen's argument that nothing in the record shows the settlement would not have been approved if he had listed the claim is irrelevant to whether judicial acceptance or reliance occurred. Because he failed to list the claim, the Bankruptcy Court never had the chance to consider it in the settlement. It is for this very reason *Hamilton* holds that failure to list a claim constitutes deception upon the bankruptcy court which must rely upon the schedules provided to it by the debtor. *Id.* at 785. Judge Cavan correctly determined that the settlement in this matter constituted judicial acceptance.

### 3. Posen Obtained an Unfair Advantage

Finally Posen argues that Judge Cavan erred in determining that Posen obtained an unfair advantage by omitting his claim against Defendants from his bankruptcy schedules. (Doc. 19 at 15). Specifically, Posen argues that Judge Cavan failed to meet the proper standard for a motion to dismiss because he failed to determine that Posen had definitely gained an unfair advantage. (*Id.*). Further, Posen argues that there is no evidence of any advantage to him from the omission. (*Id.* at 17). Again, Posen's argument ignores the basic facts that were before Judge Cavan and are now before this Court, however.

Posen's failure to disclose his claim against Defendants deceived the Bankruptcy Court and thus undermined the integrity of the bankruptcy process. *See Hamilton,* 270 F.3d at 784-85. Because he failed to include in his bankruptcy schedule his potential malpractice claim against Defendants, Posen gained the advantage of being able to settle out with other creditors in bankruptcy and retain the claim as an asset for his benefit later. This fact alone demonstrates that Posen definitely obtained an unfair advantage. *See Cavi ness v. England,* 2007 WL 1302522, at * 10–11 (E. D. Cal. May 2, 2007) (a debtor who does not disclose a potential claim to the bankruptcy court and then files a lawsuit on the same claim gains a windfall by receiving the protection of the bankruptcy court without having disclosed a potential asset while retaining the possibility of a settlement or verdict

on the undisclosed claim). Additionally, the law is clear: because he received the benefit of an automatic stay under 11 U.S.C. § 362(a) and a discharge of debt, Posen received an unfair advantage. *Hamilton*, 270 F.3d at 785 (finding an unfair advantage to a plaintiff who enjoyed "the benefit of both an automatic stay and a discharge of debt").

Thus, in this case, as in *Hamilton*, "[t] he application of judicial estoppel ... is necessary to protect the integrity of the bankruptcy process." 270 F.3d at 785. Here, the Bankruptcy Court accepted Posen's clearly inconsistent earlier position and Posen would derive an unfair advantage if this Court permits him to pursue the undisclosed claim. Despite his Amended Complaint, Posen has pled facts which establish that he cannot prevail on his claim, so his claim must be dismissed. *Weisbuch*, 119 F.3d at 783 n.1.

## V. Conclusion

For the reasons set forth above, IT IS ORDERED that United States Magistrate Judge Cavan's proposed Findings and Recommendations (Doc. 18) are ADOPTED IN FULL.

IT IS FURTHER ORDERED that Defendants' Motion to Dismiss Posen's Amended Complaint is GRANTED without leave to amend.

The Clerk is ORDERED to enter judgment and close this case.

DATED this 26th day of September 2017.

/s/ Susan P. Watters
SUSAN P. WATTERS
United States District Judge